UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVISOR'S CAPITAL INVESTMENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CUMBERLAND CASUALTY & SURETY COMPANY and I.G.I.C., <br><br> Defendants. | Civil Action No. 04-10597-RCL |

### DEFENDANT I.G.I.C.'S MOTION TO DISMISS

Defendant I.G.I.C., properly IGIC Management, Company ("IGIC"), hereby moves to dismiss the instant action against it, pursuant to (1) Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction over IGIC in a Massachusetts court, and (2) Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. As grounds for this motion, IGIC states the following:

1. Plaintiff, Advisor's Capital Investments, Inc. ("ACI"), has initiated this lawsuit in Massachusetts to asserting various causes of action relating to an insurance policy ACI purchased from IGIC's co-defendant, Cumberland Casualty and Surety Company (Cumberland");

2. ACI's only factual allegations against IGIC relate to alleged representations IGIC made to ACI in connection with a contract of reinsurance covering the Cumberland policy;

3. All communications between IGIC and ACI occurred in and between Florida, IGIC's principal place of business, and Connecticut, ACI's principal place of business (at least in connection with the relevant transactions);

4. The Massachusetts long-arm statute does not provide for personal jurisdiction over IGIC because (a) IGIC does not "transact business" in Massachusetts, as required by Mass. Gen. L. ch. 223A, § 3(a); (b) IGIC did not "contract to supply services or things" in Massachusetts, as required by Mass. Gen. L. ch. 223A, § 3(b); (c) IGIC did not cause "tortious injury by an act or omission" in Massachusetts, as required by Mass. Gen. L. ch. 223A, § 3(c); (d) ACI has not suffered any injury -- tortious or otherwise -- in Massachusetts, and IGIC does not "regularly [do] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered in this commonwealth," as required by Mass. Gen. L. ch. 223A, § 3(d); and (e) IGIC does not "contract to insure . . . risk[s] within this commonwealth," as required by Mass. Gen. L. ch. 223A, § 3(f);

5. The exercise of jurisdiction over IGIC by a Massachusetts court is contrary to the Due Process Clause of the United States Constitution; and

6. Counts I through V and VII, in any event, fail to allege sufficient facts to support any claim against IGIC.

WHEREFORE, IGIC request that this action be dismissed (1) pursuant to Fed. R. Civ. P. 12(b)(2), for a lack of personal jurisdiction over the defendant IGIC in a Massachusetts court,

and (2) pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a cognizable claim against IGIC.

Dated: April 8, 2004

Respectfully submitted,

I.G.I.C.,

By its attorneys,

*[signature]*
Brendan M. Hare
BBO # 221480
Kathleen A. Kelley
BBO# 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

## CERTIFICATION OF CONFERENCE PURSUANT TO LOCAL RULE 7.1

I hereby certify that on this 8th day of April, 2004, I discussed this motion with plaintiff's counsel, David Constantino, by telephone. We were unable to resolve or narrow any of the issues raised by this motion.

*[signature]*
Kathleen A. Kelley

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2004, a true and correct copy of the foregoing document was served by FedEx on the office of counsel for the plaintiff.

*[signature]*
Kathleen A. Kelley

444001.040604