UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ADVISOR'S CAPITAL INVESTMENTS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-10597-RCL |
| CUMBERLAND CASUALTY & SURETY COMPANY and I.G.I.C., | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT I.G.I.C'S MOTION TO DISMISS

Defendant I.G.I.C., properly IGIC Management Company, Inc. ("IGIC"), submits this

Memorandum in support of its motion to dismiss, filed pursuant to (1) Fed. R. Civ. P. 12(b)(2),

for lack of personal jurisdiction over IGIC in a Massachusetts court, and (2) Fed. R. Civ. P.

12(b)(6), for failure to state a claim upon which relief can be granted.

PRELIMINARY STATEMENT

Plaintiff, Advisor's Capital Investments, Inc. ("ACI"), has initiated this lawsuit in

Massachusetts to assert various causes of action relating to an insurance policy ACI purchased

from IGIC's co-defendant, Cumberland Casualty and Surety Company (Cumberland"). ACI's

only factual averments against IGIC relate to alleged misrepresentations IGIC, Cumberland's

"exclusive agent" in connection with the policy, made to ACI regarding a contract of reinsurance

covering the Cumberland policy. This Massachusetts action should be dismissed as against IGIC

because (1) Massachusetts cannot assert personal jurisdiction over IGIC in connection with the

wrongs alleged in the Complaint, and, in any event, (2) the Complaint lacks factual allegations to support the causes of action asserted against IGIC.

1.      All communications between IGIC and ACI occurred in and between Florida, IGIC's principal place of business, and Connecticut, ACI's principal place of business (at least in connection with the relevant transactions), and there can be no jurisdiction in this Court:

   a.   The Massachusetts long-arm statute does not provide for personal jurisdiction over IGIC because (a) IGIC does not "transact business" in Massachusetts, as required by Mass. Gen. L. ch. 223A, § 3(a); (b) IGIC did not "contract to supply services or things" in Massachusetts, as required by Mass. Gen. L. ch. 223A, § 3(b); (c) IGIC did not cause "tortious injury by an act or omission" in Massachusetts, as required by Mass. Gen. L. ch. 223A, § 3(c); (d) ACI has not suffered any injury -- tortious or otherwise -- in Massachusetts, and IGIC does not "regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in this commonwealth," as required by  Mass. Gen. L. ch. 223A, § 3(d); and (e) IGIC did not "contract to insure . . . risk[s] within this commonwealth," as required by Mass. Gen. L. ch., 223A, § 3(f).

   b.   The exercise of jurisdiction over IGIC by a Massachusetts court is contrary to the Due Process Clause of the United States Constitution.

2.      Furthermore, the majority of ACI's claims against IGIC suffer from additional, independently fatal defects:

   a.   ACI's claim under Mass. Gen. L. ch. 93A -- Count V -- fails to satisfy the statute's jurisdictional burden, as the conduct complained of did not occur "primarily and substantially" within Massachusetts; and

   b.   Counts I through IV and VII offer no factual allegations to support the claims made therein.

Even assuming arguendo that jurisdiction over IGIC were proper in Massachusetts, which it is not, the six counts identified above must still be dismissed.

## STATEMENT OF FACTS[1]

<u>Background</u>

The lawsuit relates to a Registered Invest Advisors Liability Insurance Policy (the "RIALIP") purchased by ACI from the defendant Cumberland Casualty & Surety Company ("Cumberland") in or about 1997. (Complaint at ¶¶ 7 and 8.) IGIC is "the exclusive agent" of Cumberland in connection with the RIALIP purchased by ACI, and IGIC communicated with ACI concerning that RIALIP. (Complaint at ¶¶ 3, 6,7 and 8; Ex. B; B. Koyen Dec. at ¶¶ 4, 8 and 9.) ACI claims that both Cumberland and IGIC have failed to live up to promises made in connection with, and/or have misrepresented certain facts relating to, the RIALIP. (Complaint at Counts I through VII.)

<u>The Parties</u>

While ACI alleges that it is "a financial advisory firm with offices located at 395 Circuit Street, Norwell, MA" (Complaint at ¶ 1), it has also represented to Cumberland that it was "a Connecticut corporation whose address [was] 17 Tripp Road, Woodstock Connecticut 06281." (Complaint at Ex. C.) Robert Mann, President and Treasurer of ACI, and Ronald Derby, CFO of ACI are residents of Woodstock, CT. (Complaint at Ex. E.) Communications between IGIC and ACI relating to the RIALIP have primarily been conducted by Bernard Koyen, Karen Rogers, Tina Blair, Connie Koyen, and Gary Pridgen on behalf of IGIC, and Robert Mann, Andrew Parker, Pam Bouchard, Ron Derby, and Sue LaJoi on behalf of ACI. (Complaint at Ex. E; B.

---

[1]    This Statement of Facts is based on and supported by (1) plaintiff's Complaint, (2) the Declaration of Bernard Koyen ("B. Koyen Dec."), attached hereto as Exhibit A, (3) the Declaration of Constance  Koyen ("C. Koyen Dec."), attached hereto as Exhibit B, the Declaration of Tina Blair ("Blair Dec."), attached hereto as Exhibit C, the Declaration of Karen Rogers ("Rogers Dec."), attached hereto as Exhibit D, and the Declaration of Gary Pridgen ("Pridgen Dec."), attached hereto as Exhibit E.

3

Koyen Dec. at ¶¶ 9 through 14; C. Koyen Dec. at ¶ ¶ 2through 4; Blair Dec. at ¶¶ 2 through 4;

Rogers Dec. at ¶¶ 2 through 4; Pridgen Dec. at ¶¶ 2 through 4.) All of these communications

took place between IGIC in Florida and ACI in Connecticut, with the exception of two-three

visits by Mr. Koyen to ACI's Connecticut office, and some communications with Mr. Mann in

Florida. (Complaint at Ex. E; B. Koyen Dec. at ¶ 9 through 14.)

IGIC is a Nebraska corporation with a principal place of business at 3645 Cortez Road

W, Suite 150, Bradenton, FL. (Complaint at ¶ 3; Koyen Dec. at ¶ 2.) IGIC does not maintain an

office in Massachusetts, nor is IGIC licensed to do business in Massachusetts. IGIC has no

employees in Massachusetts, it does not solicit business in Massachusetts, and does not pay any

taxes in Massachusetts. IGIC has no agent for the service of process in Massachusetts. (B.

Koyen Dec. at ¶ 3.) IGIC had one Massachusetts customer who had purchased the Cumberland

RIALIP, but that customer came to IGIC, and, in any event, had no relation to ACI. (B. Koyen

Dec. at ¶ 7.)

The Dispute

ACI's Complaint in this matter is comprised of seven counts, all relating to alleged

wrongdoing in connection with the Cumberland RIALIP:

1.    Count I -- Breach of Express Contract -- alleges a failure by Cumberland to pay

claims that are due and owing under the RIALIP. (Complaint at ¶¶ 68 through 79.)

2.    Count II -- Breach of Implied Covenant of Good Faith and Fair Dealing -- alleges

that Cumberland owed ACI a duty of good faith and fair dealing in connection with the RIALIP,

and that both Cumberland and IGIC (which had no relevant duty toward ACI) breached that duty

through alleged failure(s) to "handle ACI's claims properly, to avoid making misrepresentations,

4

and to avoid engaging in unlawful and deceptive trade practices in the business of insurance. . .."
(Complaint at ¶¶ 81 through 95.)

3.    Count III -- Anticipatory Repudiation of Contract -- alleges that <u>Cumberland</u> has
anticipatorily breached the RIALIP with respect to future claims by denying ACI's submitted
claims (Complaint at ¶¶ 97 through 102.)

4.    Count IV -- Waiver and Estoppel -- alleges that <u>Cumberland</u> did not respond to
ACI's correspondence on ACI's alleged breach of the RIALIP, it had therefore "waived the
conditions complained of in Section IX. G, and should be barred (or estopped) from using such a
defense in the future." (Complaint at ¶¶ 103 through 116.)

5.    Count V --Violation of Ch. 93A -- alleges that Cumberland and IGIC "have in
acts (<u>as they relate to their contractual obligations to ACI</u>) that are unfair and deceptive."
(Complaint at ¶ 121) (emphasis added.)   ACI cites to actions undertaken by <u>Cumberland</u> <u>only</u> in
this count, and, in any event, ACI has never alleged any contract with IGIC.  (Complaint at ¶¶
122 and 117 through 126.)

6.    Count VI -- Misrepresentation and Fraud -- alleges that "Defendants" conveyed
the following misrepresentations: (a) That "they would act in good faith and perform their side of
the bargain as it relates to the policy contract;" (b) that "if and when the individual warranted
accounts were worth less than their starting value upon the designated five (5) year anniversary
date [<u>Cumberland</u>] would pay the Ultimate Net Value to the respective ACI client; and (c) that
"even a credit problem would not stop them from paying claims hen and if they became due
because they possess a Reinsurance Treaty with Dorenco (sic) Insurance Company, whose assets
were more than substantial to cover any worse [sic] case scenario (as far as paying claims were

5

[sic] concerned)." The only "misrepresentation" that is ascribed to IGIC concerns the "Reinsurance Treaty" with Dorinco. (Complaint at ¶130; Plaintiff's Opposition Motion in Response to Defendant's Motion for Temporary Stay as to IGIC, at 2, ¶11 and Exhibits.)

7.       Count VII -- Negligence -- alleges that the "Defendants maintained a duty as the insured and the insured's agent to process claims in a competent and reasonable manner." (Complaint at ¶ 143.) ACI claims that Cumberland's denial of the first two claims submitted constituted a breach of that duty. (Complaint at ¶¶ 144 and 145.) ACI does not allege any breach by IGIC. (Complaint at ¶¶ 142 through 145.)

ARGUMENT

A.       The Standards

To establish personal jurisdiction over IGIC in a Massachusetts court, ACI must satisfy a two-part test: It must show that (1) personal jurisdiction is proper under the Massachusetts long-arm statute, and (2) an exercise of personal jurisdiction would comply with constitutional due process requirements. See, e.g., Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1998).

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege sufficient facts to support all the material elements of the underlying legal theories. See, e.g., Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir. 1990) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The sufficiency of the pleadings is based on the facts as opposed to conclusory matters. See, e.g., id.

B.    Personal Jurisdiction Over IGIC is Not Available
      Under The Massachusetts Long-Arm Statute

Interpreting the allegations of the Complaint in ACI's favor, the only portions of the

Massachusetts long arm statute which could even <u>arguably</u> apply to IGIC would be the following:

> A court may exercise personal jurisdiction over a person, who acts
> directly or by an agent, as to a cause of action in law or equity
> arising from the person's
>
> (a)    transacting any business in this commonwealth;
>
> (b)    contracting to supply services or things in this
>        commonwealth;
>
> (c)    causing tortious injury by an act or
>        omission in this commonwealth;
>
> (d)    causing tortious injury in this commonwealth by an act or
>        omission outside this commonwealth if he regularly does or
>        solicits business, or engages in any other persistent course
>        of conduct, or derives substantial revenue from . . . services
>        rendered in this commonwealth . . ..
>
>                          *    *    *
>
> (f)    contracting to insure any person, property or risk located within this
>        commonwealth at the time of contracting.

Mass. Gen. L. ch. 223A, §§ 3(a), (b), (c), (d), and (f).  The purely statutory arm of the

jurisdictional test "may be met where the only contact involved is one . . . 'with little impact on

[the] commerce' of the Commonwealth," <u>Bond Leather Co., Inc. v. Q.T. Shoe Manufacturing</u>

<u>Company, Inc.</u>, 764 F.2d 928, 932 (1st Cir. 1985) (citing <u>Good Hope Industries, Inc. v. Ryder</u>

<u>Scott Co.</u>, 378 Mass. 1, 389 N.E.2d 76 (1979)), but the cause of action must "arise from" that

contact: Massachusetts requires a "but for" level of connection between the two.  <u>See, e.g., Tatro</u>

<u>v. Manor Care Inc.</u>, 416 Mass. 763, 771, 625 N.E.2d 549, 553 (1994).

7

1.    <u>Section 3(a) -- Transacting Business</u>

IGIC has not "transacted business" in Massachusetts, under even the broadest possible

interpretation of that term.  <u>See, e.g.</u>, <u>In re: Lupron Marketing and Sales Practices Litigation</u>; 246

F. Supp. 2d 280, 299 (D. Mass. 2003) ("What is missing from the Complaint . . . is any

suggestion that [IGIC] itself 'operates' within Massachusetts, or has 'attempted to participate in

the Commonwealth's economic life.'") (citation omitted); <u>Zereski v. American Postal Workers</u>

<u>Union</u>, 1998 WL 1181685 (Mass. Super. 1998).

IGIC communicated from Florida with the Connecticut office of a Connecticut company,

concerning a RIALIP sold and underwritten in Florida.  The fact that the Connecticut company

may have maintained an office in Massachusetts is irrelevant: <u>None</u> of the communications

between IGIC and ACI came to or from Massachusetts.  IGIC did nothing in Massachusetts, and

its conduct does not subject it to jurisdiction under Mass. Gen. L. ch. 223A, § 3(a).  <u>See</u> <u>Fern v.</u>

<u>Immergut</u>, 55 Ma.. App. Ct. 577, 582-83, 773 N.E.2d 972, 976-77 (2002) (exchange of draft

opinion letters with Massachusetts resident insufficient to confer jurisdiction); <u>Parmenter v.</u>

<u>Hyundai Motor Co.</u>, 1995 WL 809544 ("jurisdiction on the basis of transacting business . . . will

ordinarily not lie" if the defendant has no office, employees, property, bank accounts, or

advertising in the state).[2]

---

[2]    IGIC's single Massachusetts customer was unrelated to ACI and the causal connection required under § 3 - - that the dispute "arise out of" the contact -- was not met with this single contact. <u>See</u> <u>Fern</u>, 55 Mass. App;. Ct. at 581-82, 773 N.E.2d at 975-76. <u>See also</u> <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1389 (1ª Cir. 1995) ("the action must directly arise out of the specific contacts between the defendant and the forum state.")

2.    Section 3(b) -- Contracting to Supply Services

Subsection (b) of the long-arm statute permits a court to exercise jurisdiction where a cause of action arises from a defendant's "contracting to supply services or things in this Commonwealth." Mass. Gen. L. ch. 223A, § 3(b). The only "contract" here is the RIALIP between Cumberland and ACI: ACI has no contract with IGIC, and certainly has no contract "to supply services or things" in Massachusetts. Massachusetts does not acquire personal jurisdiction over IGIC under Mass. Gen. L. ch. 223A, § 3(b). See, e.g., Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 154, 376 N.E.2d 548, 552 (1978) (even where a contract exists, § 3(b) requires that the services contracted be supplied in Massachusetts).

3.    Section 3(c) -- Causing Tortious Injury
      By Acts in the Commonwealth

This section provides for jurisdiction in a Massachusetts court where the action arises out of tortious acts committed in Massachusetts. Again, the challenged conduct of IGIC involved communications and/or representations delivered from Florida to Connecticut: These acts were not performed in the Commonwealth. Section 3(c), like § 3(b), fails to provide a basis for jurisdiction over IGIC in Massachusetts. See, e.g., Fern, 55 Mass. App. Ct. at 681 N. 9, 773 N.E.2d at 975 n.9 (alleged wrong must occur in Massachusetts under § 3(c)).

4.    Section 3(d) -- Tortious Injury in Massachusetts
      by Acts Outside Massachusetts

Under this subsection, a court may exercise personal jurisdiction over a nonresident defendant where that defendant's out-of-state conduct causes tortious injury in Massachusetts. See Mass. Gen. L. ch. 223A, § 3(d). Cunningham v. Ardrox, 40 Mass. App. Ct. 279, 663 N.E.2d 577 (1996). The Complaint alleges only that ACI has been or will be harmed by the

9

wrongs alleged therein. As noted, ACI is not a Massachusetts company: It has stated that it is a Connecticut corporation and its (involved) office in Connecticut. Damage to ACI would not constitute "damage in the Commonwealth," and Mass. Gen. L. ch. 223A, § 3(d) could never establish personal jurisdiction over IGIC in a Massachusetts court. (In any event, § 3(d) is only applicable where the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from . . . services rendered in this commonwealth," and that is clearly not the case here. See, e.g., Facts, supra at 3-5; Lupron, 245 F. Supp. 2d at 298-99.

     5.     Section 3(f) - - Contracting
               To Insure Massachusetts Risks

     Under this subsection, a court may exercise personal jurisdiction over a nonresident defendant where the action arises out of that defendant "contract[ing] to insure any person, property or risk located within this commonwealth at the time of contracting." Mass. Gen. L. ch. 223A, § 3(f). As noted above, IGIC is not an insurance company, it is not licensed to do business in Massachusetts, it did not enter into any contract with ACI, and it did not have any dealings in or with Massachusetts in connection with its Florida/Connecticut communications with ACI. IGIC is not subject to the jurisdiction of a Massachusetts court based on this section. See, e.g., Backman v. Schiff, 84 F.R.D. 132, 136 n.2 (D. Mass. 1979) (ch.223A, § 3(f) inapplicable if no contract of insurance). [3]

---

[3]     ACI claims that those customers who own the accounts ACI insured under the Cumberland RIALIP are "third party beneficiaries" to that ACI/Cumberland RIALIP, and certain of those customers are apparently located in Massachusetts. (Complaint at ¶ 13 and Ex. E.) Even giving ACI the benefit of every doubt, and even assuming arguendo that accounts owned by Massachusetts residents constitute "risk[s] located within this commonwealth under the statute," the fact remains that IGIC did not insure those "risks." This section of the Massachusetts long-arm statute does not apply to IGIC. see, e.g., American Home Assurance Company v. Sport Maska, Inc., 808 F. Supp. 67, 76 (D. Mass 1992) (§ 3(f) reaches "each party to a contract of liability insurance

C.      Personal Jurisdiction Over IGIC
        Violates The Due Process Clause

Even if the courts here could maintain jurisdiction over IGIC consistent with the

Massachusetts long-arm statute, which they cannot, such exercise of personal jurisdiction would

be prohibited by the United States Constitution.  The due process clause of the Fourteenth

Amendment limits the power of the states to exercise personal jurisdiction over nonresident

defendants.  See, e.g., World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

The constitutional inquiry normally requires more substantial contact with the forum than that

necessary to satisfy the statutory language.  See, e.g., Good Hope Industries, 378 Mass. at 8 n.13,

389 N.E.2d at 81 n.13 (the Court acknowledges that, while the defendants in both Automatic

Sprinkler and Droukas "might be viewed literally as having 'transact[ed] . . . business in

Massachusetts,' their contacts with the Commonwealth were constitutionally insufficient to

support jurisdiction").

Again, IGIC does not conduct any business in Massachusetts, it does not maintain offices

or employees in Massachusetts, and it has not directed any activity toward Massachusetts in this

instance.  IGIC has not "purposely availed" itself of any benefit conveyed by the Commonwealth,

and it is not subject to suit in Massachusetts.    See, e.g., U.S.S. Yachts, Inc. v. Ocean Yachts,

Inc., 894 F.2d 9, 11 (1st Cir. 1990) ("the defendant must have purposefully established minimum

contacts' with the forum") (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

---

covering risks incident to litigation in Massachusetts courts")

11

D.    In Any Event, Counts I Through V
      And Count VII Must Be Dismissed

Even assuming arguendo that this Massachusetts Court could assert personal jurisdiction

over IGIC, which IGIC respectfully denies, the majority of the counts included in ACI's

Complaint do not state viable claims against IGIC.

1.    Counts I Through IV and VII Fail to State a Claim

Despite the inclusion of IGIC in virtually every count of ACI's Complaint, most of the

theories of recovery (Counts I through IV and Count VII) are based on (and require) the

contractual relationship which exists only between ACI and Cumberland.  (See Facts, supra at 3-

5.)  There is no contractual relationship between IGIC and ACI, ACI does not even allege such a

contractual relationship with IGIC, and Counts I through IV and VII -- all of which assert claims

based on duties and/or alleged breaches relating to ACI's contract with Cumberland --  must be

dismissed for failure to state a claim upon which relief can be granted.  ACI doesn ot allege facts

sufficient to support these claims against IGIC, and they should be dismissed.  See, e.g., Fleming,

922 F. 2d at 24.  (failure to allege facts to support all elements of a cause of action results in

dismissal).

2.    Count V Must Be Dismissed

In addition, ACI's claim of deceptive practices must fail.  The statute under which ACI

sues contains the following provision:

> No action shall be brought or maintained under this section unless
> the actions and transactions constituting the alleged unfair method
> of competition or the unfair or deceptive act or practice occurred
> primarily and substantially within the commonwealth.

12

Mass. Gen. L. ch. 93A, § 11.  To determine whether this "jurisdictional" provision of ch. 93A, § 11 has been satisfied, a court will consider three factors: (1) Where the defendant committed the allegedly deceptive acts, (2) where the plaintiff received and/or acted upon those allegedly deceptive acts, and (3) where the plaintiff sustained losses as a result of the allegedly deceptive acts.  See Central Massachusetts Television, Inc., v. Amplican, Inc., 930 F. Supp. 16, 19 (D. Mass. 1996).  It is beyond doubt that the challenged statement(s) of IGIC did not occur "primarily and substantially within this commonwealth:"  (1) IGIC communicated from its office in Florida, (2) ACI received IGIC's communications in its Connecticut (or its Florida) office, and (3) ACI's damages (if any) are/will be sustained somewhere other than in Massachusetts (likely in Connecticut, where ACI "resides.")  (See Facts, supra, at ___.)  Nothing relating to ACI's claim(s) against IGIC occurred in Massachusetts, and ACI cannot, therefore, maintain an action under Mass. Gen. L. ch. 93A, § 11.  See id.

CONCLUSION

For the foregoing reasons, this action should be dismissed (1) pursuant to Mass. R. Civ.

P. 12(b)(2), for a lack of personal jurisdiction over the defendant IGIC in a Massachusetts court,

and (2) pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim against IGIC.

Dated: April 8, 2004                              Respectfully submitted,

IGIC,

By its attorneys,

Brendan M. Hare
BBO# 221480
Kathleen A. Kelley
BBO# 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2004, a true and correct copy of the
foregoing document was served by FedEx on the office of counsel for the plaintiff.

Kathleen A. Kelley

444001.032404

14