UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ADVISOR'S CAPITAL INVESTMENTS, INC. | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 1:04-cv-10596 RCL |
| v. | ) ) | |
| CUMBERLAND CASUALTY & SURETY COMPANY, and IGIC MANAGEMENT COMPANY, | ) ) ) ) | |
| Defendant | ) ) | |

**DEFENDANT CUMBERLAND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendant Cumberland Casualty & Surety Company ("Cumberland"), pursuant to 28 U.S.C. § 1404(a), has moved concurrently to transfer this action to the United States District Court for the Middle District of Florida. Cumberland, an insurer, is now in statutory receivership proceedings in Florida, governed by Florida law. Additionally, the convenience of the parties, location of witnesses, law applicable to the underlying claims, and the interests of justice, support the transfer of this action to Florida.

Cumberland has also notified the Court that on February 26, 2004, the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, entered its Consent Order Appointing the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation, Injunction, and Notice of Automatic Stay (the "Order").[1] The Order, among other things, operates as an "automatic stay" applicable to all persons, other than the receiver, against the "continuation of judicial, administrative, or other action or proceeding against the

insurer ... ." The Order therefore stays the further prosecution of this lawsuit by the Plaintiff Advisor's Capital Investments, Inc. ("ACI") against Cumberland. In support of its Motion, Cumberland offers the following Memorandum of Law:

## MEMORANDUM OF LAW

**I.    Introduction and factual background.**

On or about February 23, 2004, ACI filed this action in Massachusetts state court, alleging, among other things, that Cumberland had breached an insurance policy by failing to pay certain claims and by allegedly repudiating an insurance policy. Cumberland and Defendant IGIC Management Company ("IGIC") subsequently removed the action to this Court. Although ACI's Complaint specifically references only a few claims denied by Cumberland, it is clear from the face of the Complaint that ACI is also seeking relief as to future claims. (Complaint, ¶¶ 79 and 100.)

The underlying insurance policy (the "Policy") was issued by Cumberland to registered investment advisors, such as ACI—not to the investing public or to the registered investment advisor's clients.[2] Under the Policy, Cumberland agreed to indemnify ACI under certain defined conditions against the decline in the value of insured accounts.

This lawsuit, however, lacks a sufficient connection to Massachusetts. Cumberland is a Florida corporation, with its principal place of business in Tampa, Florida. (Black Decl., ¶ 5.)

---

[1] A copy of the Order is attached to the Declaration of Carol Black (**Exhibit A** hereto), as **Exhibit 2**. Hereafter, Ms. Black's declaration is known as the "Black Decl."

[2] These facts are readily apparent from the face of the Policy, as among other things, the parties to the Policy are specifically described as ACI (or its predecessor-in-interest) and Cumberland. Additionally, the Policy provides:

This Policy does not provide Insurance coverage directly to Assured's clients. Clients of Assured shall have no claim directly against Company for any loss in any Account. (See Policy, attached to ACI's Complaint as Exhibit B, § III.B.)

Cumberland is not a Massachusetts corporation and does not have an office in Massachusetts. (Id.) Cumberland has no subsidiaries in Massachusetts. (Id.) Cumberland's records relating to ACI are located in Tampa, Florida. (Id.) Although Cumberland is licensed for insurance in Massachusetts, ACI is not a Massachusetts insured, as is reflected by the Policy attached as Exhibit B to ACI's Complaint.

Pursuant to the Order, the Florida Circuit Court for the Second Judicial Circuit is overseeing Cumberland's rehabilitation, while the Florida Department of Financial Services is currently acting as the receiver of Cumberland (the "Department"). (Id., ¶ 9.) The Department is also managing Cumberland on-site at Cumberland's offices in Tampa, Florida, and is conducting its rehabilitation work relating to Cumberland in Florida. (Id.)

During all relevant times, IGIC, from its office in Bradenton, Florida, has sold the underlying insurance product, and has collected the premiums therefor, as Cumberland's exclusive broker. (Id., ¶ 4.) The insurance records for ACI's accounts are kept and maintained by IGIC in Bradenton, Florida. (Id.)

IGIC and Cumberland's witnesses are obviously located in Florida, as each has its principal place of business in Florida. (Id., ¶ 6.) It also appears that ACI's witnesses are in Florida. The majority of ACI's clients whose accounts have been endorsed to the Policy between ACI and Cumberland reside in Florida. (Id., ¶ 7; **Exhibit 1** to the Black Decl.) As Mr. Robert Mann, ACI's principal, indicated in correspondence to Ms. Carol Black, Cumberland's CFO located in Florida, "Most of the [ACI's] clients are located in Florida." (Id.) Furthermore, Mr. Mann appears to be a resident of Florida. (Id.)

At the very least, ACI's witnesses and documents are located in Connecticut or Florida—not Massachusetts. Indeed, ACI attached numerous documents to its Complaint. These

documents, however, originated principally from Florida or Connecticut from witnesses in those states, and confirm that it is in these states that the documents pertinent to this lawsuit are kept.

## II. Venue should be transferred to the Middle District of Florida.

28 U.S.C. § 1404(a) allows for the transfer of cases to another forum where it might have been brought, "for the convenience of parties and witnesses, in the interest of justice." District courts have discretion to "adjudicate motions for transfer according to an individualized, case by case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Courts essentially look to the *forum non conveniens* factors in making a determination under Section 1404(a), including ease of access to sources of proof, the availability of compulsory process, relative availability of documentary and tangible evidence, as well as the public interest in the administration of justice. See F.A.I. Electronics Corp. v. Chambers, 944 F. Supp. 77, 81 (D. Mass. 1996) (transferring case from Massachusetts to Texas). Consideration of the above factors supports the transfer of this case to the Middle District of Florida.

ACI could have brought this action in the Middle District of Florida. Cumberland is a Florida corporation. Both Cumberland and IGIC have their principal places of business in the Middle District of Florida. Each would be a Florida resident for venue purposes.

The public interest in the administration of justice clearly supports a transfer of this action to Florida. The Policy was issued in Florida, and any alleged breach is necessarily occurring in Florida. The State of Florida licensed Cumberland to issue insurance policies, and Cumberland operates, as does every Florida insurance company, under the laws and regulations of the State of Florida and of the Florida Department of Insurance, including now those specific statutes relating to Florida insurers in rehabilitation proceedings.

As explained above, pursuant to the Order, the Florida Circuit Court for the Second Judicial Circuit is overseeing Cumberland's rehabilitation, and has original jurisdiction thereover, pursuant to Florida Statutes, § 631.021,[3] while the Florida Department of Financial Services is currently acting as the receiver of Cumberland. The Department is also managing Cumberland on-site at Cumberland's offices in Tampa, Florida, and is conducting its rehabilitation work relating to Cumberland in Florida.

This dispute centers on Cumberland's obligations to pay benefits under its Policy. Florida law, including but not limited to those statutory provisions relating to insurers in receivership, governs Cumberland's duties and capacity to issue policies and to pay benefits under its policies. A Florida federal district court would be in a better position to evaluate and apply these Florida statutes to the dispute at hand, and would be capable of ensuring the rights of a non-resident insured.

The convenience of the parties and witnesses also supports the transfer of this action to the Middle District of Florida. As set forth in Section I, *supra*, the witnesses, including Cumberland's and IGIC's current and former employees, reside in Florida, as do many of ACI's possible witnesses.[4] The resolution of this dispute does not turn on any occurrence or event in Massachusetts whatsoever. Although Cumberland is licensed for insurance in Massachusetts,

---

[3] This section provides, in relevant part:

(1) The circuit court shall have original jurisdiction of any delinquency proceeding under this chapter ... .

(2) The venue of a delinquency proceeding ... against a domestic ... insurer shall be in the Circuit Court of Leon County.

(3) A delinquency proceeding pursuant to this chapter constitutes the sole and exclusive method of liquidating, rehabilitating, reorganizing, or conserving an insurer.

[4] Even if the testimony of ACI's clients in Massachusetts was somehow relevant, it is undisputed that most of ACI's clients with endorsed accounts are located in Florida anyway. (Black Decl., ¶ 7; **Exhibit 1** to Black Decl.)

ACI is not a Massachusetts insured, as is reflected by the Policy attached as Exhibit B to ACI's Complaint. Rather, the witnesses will be called on to testify regarding the negotiation of the Policy, the meaning of the Policy terms, and the authenticity of certain endorsements to the Policy. The witnesses with knowledge of these subjects (Cumberland's current and former officers and employees, such as Ms. Carol Black and IGIC's Bernard Koyen) reside in Florida, and non-party witnesses, including former employees of Cumberland, cannot be compelled to appear in Massachusetts.

Requiring Cumberland to try this action in Massachusetts would impose a severe hardship on a company that at best would have just emerged from receivership, particularly since the nucleus of the activities in this case occurred in Florida.[5] Therefore, the convenience of the witnesses and parties weighs in favor of the Middle District of Florida.

Except for the fact that ACI brought the action in Massachusetts, the relevant factors strongly support transferring this case to the Middle District of Florida. And ACI's choice of forum is not entitled to great weight, because there is no significant connection between this forum and the subject matter of the case. Although Cumberland is licensed for insurance in Massachusetts, ACI is not a Massachusetts insured, as is reflected by the Policy attached as Exhibit B to ACI's Complaint.

Indeed, the primary reason this case appears to have been brought in Massachusetts is to facilitate a statutory unfair trade practices claim under Massachusetts law.[6] The Complaint, however, nowhere alleges that ACI, the insured, has been damaged in Massachusetts, that

---

[5] At worst, in the event of Cumberland's liquidation, ACI will have no choice but to follow the claims procedure set forth under Florida law, Florida Statutes, §§ 631.161 et seq.

[6] In a prior demand letter by ACI, however, which ACI attached to its Complaint as Exhibit F, ACI contended that Cumberland was somehow violating Florida and Connecticut law—not Massachusetts law.

Cumberland committed any allegedly deceptive acts/statements in Massachusetts, or that ACI acted on or received any allegedly deceptive acts or statements in Massachusetts. See Central Massachusetts Television, Inc. v. Amplican, Inc., 930 F. Supp. 16 (D. Mass. 1996). Nor could ACI make such allegations, as ACI is not a Massachusetts company, and its relevant office referenced in the Complaint is located in Connecticut.

**III.   Notice of Automatic Stay.**

At the very least, any further prosecution of this action by ACI is stayed. The February 26, 2004 Order of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, among other things, operates as an "automatic stay" applicable to all persons, other than the receiver, against the "continuation of judicial, administrative, or other action or proceeding against the insurer ... ."

**IV.   Conclusion.**

For the above reasons, this action should be transferred to the United States District Court for the Middle District of Florida.

_____
JAMES M. LANDIS, ESQ.
Florida Bar No. 116760
JON P. TASSO, ESQ.
Florida Bar No. 0120510
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Post Office Box 3391
Tampa, FL  33601-3391
(813) 229-2300
(813) 221-4210 (facsimile)

Attorneys for Cumberland

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following by U.S. mail, first-class postage prepaid on April 9, 2004.

David Constantino
P. O. Box 307
Southbridge, MA 01550

Kathleen A. Kelley
Hare & Chaffin
160 Federal Street
Boston, MA 02110

_____
Attorney