UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVISOR'S CAPITAL INVESTMENTS, INC. )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>CUMBERLAND CASUALTY AND SURETY )<br>COMPANY, I.G.I.C. )<br>)<br>Defendants )<br>) | Civil Action No. 04-10597-RCL |

PLAINTIFF'S OPPOSITION MOTION
TO DEFENDANT IGIC'S MOTION TO DISMISS

Defendant IGIC Management Company (hereinafter "IGIC") has moved this honorable court to dismiss Plaintiff's action pursuant to Fed. R.Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff now moves this court to deny Defendant's motion and in furtherance Plaintiff submits a Memorandum in Support of their Opposition Motion.

Plaintiff's grounds for their opposition are as follows:

1. Defendant IGIC is the **exclusive** agent of Cumberland Casualty and Surety Company (hereinafter "Cumberland").

2. Cumberland is licensed to do business in Massachusetts.

3. Cumberland and IGIC have done and solicited business directly related to the business in question in Massachusetts.

4. If IGIC does not have a license to do business in Massachusetts to facilitate Cumberland's business activities it is because they likely do not need a license.

5. Cumberland and IGIC have maintained a RIA policy for Loughman Financial formerly of Plymouth Massachusetts. Mr. Loughman was related to ACI in that he was a former advisor representative of ACI. Mr. Loughman left ACI and started Loughman Financial and IGIC and Cumberland maintained a RIA policy with him for sometime in Plymouth, Massachusetts.

6. Underlying the ACI/IGIC/Cumberland policy are 50 Massachusetts residents with 75 accounts and these people are intended third party beneficiaries under the policy.

7. IGIC is explicitly an "interested party" (by their own request) to these 50 Massachusetts residents and has formerly requested to receive account statements monthly from these Massachusetts residents.

8. These Massachusetts residents signed all the contracts related to ACI/IGIC/Cumberland policy making them intended third party beneficiaries under the contract in the state of Massachusetts.

9. IGIC/Cumberland derive substantial revenue from these Massachusetts residents in that IGIC/Cumberland bill ACI for the premiums and in turn ACI bills the Massachusetts residents. As such, these Massachusetts residents are purchasing the risk insurance as ACI is serving only as an intermediary. In other words,

these Massachusetts residents are the one paying for the insurance and they are the ones the insurance is to protect.

10. When a claim is to be paid the checks are sent from IGIC/Cumberland directly to the ACI client and payable to the ACI client not to be sent to ACI or be payable to ACI.

11. As such, IGIC does transact business in Massachusetts (pursuant to Massachusetts long arm statute MGLA 223A) and derives substantial revenue therein. Hence, based on these substantial contacts and weight given to the "Gestalt" it is clear that conferring jurisdiction comports with the Due Process Clause of the United States Constitution as to IGIC.

12. Additionally, of all the states where ACI maintains these warranted accounts under the policy in question Massachusetts residents maintain the second most of these ACI/IGIC/Cumberland warranties. Although Florida maintains the most, Massachusetts would be the most convenient location for litigation to take place for the Plaintiff due to its limited financial resources and because much of the documentation related to the suit is situated in Massachusetts and because most of the board of directors are situated in Massachusetts (who would likely be material witnesses).

13. Moreover, most of the shareholders of ACI are Massachusetts residents.

14. The majority of the board of directors of ACI are Massachusetts residents.

15. The averments described within the counts of Plaintiff's Complaint sufficiently describe IGIC's role within the each respective count to satisfy the notice pleading requirement maintained within the Federal Rules of Civil Procedure.

16. Moreover, as to the count for misrepresentation the count clearly alleges all sufficient facts and legal elements to satisfy the requirements delineated within the Federal Rules of Civil Procedure. First, the averments contained in the misrepresentation count uses the word "Defendants" (plural) ten (10) times within this count. As there exists only two defendants clearly this logically means IGIC and Cumberland. Additionally, all the facts and legal elements are supplied within this count to establish a misrepresentation claim. The elements of a misrepresentation claim are that a plaintiff must show a false statement of a material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiff's detriment. These elements and the facts therein were sufficiently delineated in Plaintiff's Complaint. Finally, although Florida maintains the most of these warranted accounts next to Massachusetts, Massachusetts would be the most convenient location for litigation to take place for the Plaintiff due to its limited financial resources, because much of the documentation related to the suit is situated in Massachusetts, and because most of the board of directors are situated in Massachusetts (who would likely be material witnesses).

17. Most importantly, because it appears that the Florida regulatory authority who approved CCSC to due business for the five year term under the contract was relied upon by ACI and this same agency is now the Receiver for CCSC, it would be more prudent that an unattached and non-bias judicial entity outside of Florida preside over the legal issues in question. Nevertheless, whether this case is transferred to federal court in Florida as opposed to state court, the issues of bias

4

and conflict of interest could still exist for either forum under the present circumstances. In the interests of prudence and to avoid the appearance of a conflict of interests it would be in the best interests of all third party beneficiaries under the policy (including Florida residents) that this case be decided in a forum outside of Florida.

WHEREFORE, based on the aforementioned and the accompanying Memorandum in Support of this Opposition Motion, Plaintiff respectfully requests that this honorable court deny Defendant IGIC's Motion to Dismiss.

Dated: April 22, 2004

                                  Respectfully submitted,

                                  Advisor's Capital Investments, Inc.,

                                  By its attorney,

                                  _____
                                  David Constantino, Esq.
                                  BBO # 645357
                                  PO Box 307
                                  Southbridge, MA 01550
                                  (508) 764-7156 phone/fax

### CERTIFICATION OF CONFERENCE
### PURSUANT TO LOCAL RULE 7.1

I hereby certify that on the 8th day of April, 2004 I discussed this issues associated with both the Plaintiff's motion and Defendant's Motion to Dismiss by telephone with IGIC's attorney Kathleen A. Kelley, Esq.. We were unable to resolve or narrow any of the issues raised by Defendant's motion and hence necessitated the submission of Plaintiff's Opposition Motion.

                                  _____
                                  David Constantino, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2004, a true and correct copy of the foregoing document was served by UPS on the office for counsel for the Defendants.

David Constantino, Esq.