UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ADVISOR'S CAPITAL INVESTMENTS, INC. )
                                    )
    Plaintiff                       )
                                    )   Civil Action No. 04-10597-RCL
                                    )
v.                                  )
                                    )
CUMBERLAND CASUALTY AND SURETY      )
COMPANY, I.G.I.C.                   )
                                    )
    Defendants                      )
                                    )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION MOTION

Defendant Cumberland Casualty & Surety Company (hereinafter "Cumberland") has moved this honorable court pursuant to 28 U.S.C. § 1404(a) to transfer the present case to Florida Federal District Court. Plaintiff opposes this action.

First as a stay of proceedings has been instituted as to Cumberland no action including a change of venue for *forum non conveniens* reasons is allowed. The order specifically states "12. Not defend or accept service of process on legal actions wherein the Respondent, the Receiver, or the insured is a party defendant, commenced either prior to or subsequent to the order, without authorization of this Court; except, however, in actions where Respondent is a nominal party, as in certain foreclosure actions, and the action does not affect a claim against or adversely affect the assets of Respondent, the Receiver may file appropriate pleadings in its discretion." As this case is far from

"nominal" the Receiver must first obtain the Court's approval before instituting any legal action including this motion.

As this lawsuit is not nominal and is not related to the administration of the Receivership, it should be denied as it would violate the present court order. Even if it is found that defendant's motion would not violate the present stay, on *forum non conveniens* grounds the present suit should stay in Massachusetts as it is the most convenient and appropriate forum.

The factors used to determine whether the forum is appropriate are delineated in the case <u>Gulf Oil Corp. v. Gilbert</u> 330 U.S. 501 (1947). The determination is made by analyzing both the private and public factors surrounding the case and then weighing both factors together to see whether a motion forum non conveniens should or should not be allowed.

> In <u>Gulf Oil</u>, the private factors are stated as follows:
>
> **If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practice problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed. [<u>Gulf Oil</u> 330 U.S. 501 at 508].**
>
> The public factors are stated as follows:
>
> **Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an**

> appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself. [Gulf Oil 330 U.S. 501 at 508-509].

Beginning with the private factors it is clear that this case should remain in Massachusetts. As stated in the affidavits supplied in plaintiff's Opposition Motion to IGIC Management Company's motion to dismiss (see exhibit A), bringing the case in Florida as opposed to Massachusetts would pose an extreme hardship upon plaintiffs for financial reasons. This same hardship is not evident for defendant. On the contrary, defendant's swift obtainment of a law firm in Massachusetts clearly indicates they have the financial ability to defend this case in the present forum.

The defendant's present legal action in this motion is indicative of their ability to defend here in Massachusetts. Moreover, plaintiff's sources of proof for this case are situated in Massachusetts. There appears to be just as many witnesses if not more on the plaintiff's side than defendant's side. As such, the cost involved of transporting witnesses would likely be less overall if Massachusetts were the forum used whether the witness is willing or unwilling.

As this case is now in federal court, the enforcibility of a judgment should not be an issue pursuant to the full faith and credit doctrine maintained in the U.S. Constitution. The advantages and obstacles to a fair trial clearly weigh in favor Massachusetts. Moreover, unless the defendant presents compelling reasons for removal it should not be granted. Defendant has asserted that the law in Florida applies to the matter at hand. This is false.

The law pertaining to receiverships is not even relevant to this present litigation. The case itself is regarding claims practice, fraud, and the like. The receivership issues

3

are not pertinent here. Further, there is nothing in the policy contract that states that the governing law is Florida or that if litigation ensues the governing law is Florida law. It belies reason to say Florida law was contemplated or meant to be applied when the policy contract in question does not state what state law applies.

As such, there is clearly no mandate as to Florida law. In fact, Cumberland has been sued over the policy in question in numerous other states such as Colorado and Nebraska. Finally, as stated in <u>Gulf Oil</u> "But unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed". Defendant has presented nothing of a compelling nature that would necessitate removal. The hardship placed upon plaintiff would be extreme and the hardship upon defendant only minor. Hence, on private grounds this present suit should remain in Massachusetts.

Moving to public factors, here to the facts and circumstances and in the interests of justice mandate that this suit stay in Massachusetts. First, from a simple public policy perspective both defendants have requested the removal of this case from Massachusetts state court in Plymouth to federal district court in Massachusetts. Now within just a week or two after removal to federal court Cumberland has a second time asked for removal but this time to Florida federal court. Clearly, the defendant could have asked for this the first time but did not. The burden placed upon plaintiff would be extreme, and they were already granted a removal once.

This continual removal from court to court is prejudicial and burdensome to plaintiff in time and cost and is clearly an abuse of process. From a public policy stand point defendant should not be granted this removal. Moreover, Massachusetts has a large stake in the outcome of these proceedings. Fifty (50) Massachusetts residents maintain

seventy five (75) warranted accounts with Cumberland. Of all the states where plaintiff maintains these warranted accounts, Massachusetts has the second most of all.

Finally, as the state of Florida approved CCSC to do business for the whole five (5) years and said nothing about CCSC claims paying ability and as plaintiff depended upon the state of Florida's regulatory agency approval of CCSC over the five (5) years to continue to pay premiums it would be improper for a Florida state or even federal court to preside over the issue therein for conflict of interest reasons.

Presently, the Receiver for Cumberland is the same agency that gave them approval for these five (5) years. Moreover, the Receiver has been in charge of the company since late February. Plaintiff has submitted claims prior to this time and over twenty since the Receiver has been in charge. To date no claims have been paid and plaintiff has done nothing wrong. Further, although there has been a court order of a stay of proceedings, the Receiver has nonetheless instructed defendant's former counsel to file this present motion.

Clearly, in the interests of justice and to avoid even the appearance of a conflict of interest or bias and due to the number of people involved it would be in everyone's best interest that any legal issue be determined by a judicial forum outside of the state of Florida. For the aforementioned reasons the social policy or public policy factor here is clearly that an outside forum adjudicate any legal issue therein.

At the very least, if removal is granted the only other suitable forum other than Massachusetts might be Connecticut Federal District Court. As such, plaintiff requests that in the alternative if removal is allowed that it not be removed to Florida Federal District Court but to Connecticut Federal District Court.

WHEREFORE, for the above stated reasons plaintiff respectfully requests that defendant's motion for removal on forum non conveniens ground be denied.

Dated: April 23, 2004

Respectfully submitted,

PLAINTIFFS

By their Attorney,

_____
David Constantino, Esq.
BBO # 645357
PO Box 307
Southbridge, MA 01550
(508) 764-7156 phone/fax

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2004, a true and correct copy of the foregoing document was served by UPS on the office for counsel for the Defendants.

_____
David Constantino, Esq.