UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADVISOR'S CAPITAL INVESTMENTS, INC. )<br>       Plaintiff                   )<br>                               )<br>v.                              )<br>                               )<br>CUMBERLAND CASUALTY AND SURETY )<br>COMPANY, and IGIC MANAGEMENT    )<br>COMPANY,                          )<br>       Defendants                ) | Civil Action No. 04-10596-RCL |

ORDER ON THE MOTION OF DEFENDANT CUMBERLAND CASUALTY AND SURETY
COMPANY TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA

LINDSAY, District Judge.

Upon consideration of the motion of defendant Cumberland Casualty & Surety Company ("Cumberland") to transfer this case to the Middle District of Florida, and the papers submitted in support of and in opposition to that motion, the court GRANTS the motion.

Cumberland seeks to transfer this action "for the convenience of parties and witnesses" and "in the interest of justice" under 28 U.S.C. §1404(a). The decision to transfer a case pursuant to §1404(a) rests within the sound discretion of the trial court. *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000). A presumption in favor of the plaintiff's choice of forum exists, and the burden of demonstrating that a transfer is warranted rests with the defendant. *Id.*; s*ee Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). In making its determination on a motion to transfer, the court must consider the convenience of the parties and witnesses, the availability of documents, and the interests of justice, "while bearing in mind the fact that the plaintiff's choice of forum is entitled to 'great weight.'" *Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc.*, 56 F. Supp.2d 134, 141 (D. Mass. 1999) (quoting *Home Owners Funding*

*Corp. of Am. v. Century Bank*, 695 F. Supp. 1343, 1347 (D. Mass. 1988)); *F.A.I, Elecs. Corp. v. Chambers,* 944 F. Supp. 77, 80-81 (D. Mass. 1996) (the relevant factors also include "the availability of process to compel attendance of unwilling witnesses, . . . cost of obtaining willing witnesses, and . . . any practical problems associated with trying the case most expeditiously and inexpensively"); *Princess House,* 136 F.R.D. at 18 ("[t]he weight accorded to plaintiff's choice depends upon the circumstances of the case").  The convenience to the expected witnesses is "probably the most important factor and the factor most frequently mentioned." *Princess House*, 136 F.R.D. at 18.

The plaintiff could have brought this lawsuit in the Middle District of Florida, because both Cumberland and IGIC Management Company ("IGIC") reside in that district for venue purposes.  *See* 28 U.S.C. § 1391(a).  Cumberland's and IGIC's witnesses, including former and current employees, live and work in Florida.  Cumberland claims that the relevant documents, such as the insurance records for the plaintiff's accounts, are kept and maintained by Cumberland and IGIC in Florida.  The policy on which this suit is based was issued in Florida.[1]  Cumberland also contends – and the plaintiff does not dispute – that the events that gave rise to the plaintiff's claim (the alleged nonpayment of claims by Cumberland) occurred in Florida and Connecticut, and not in Massachusetts.  Cumberland explains that many of the plaintiff's potential witnesses are also located in Florida:  the majority of the plaintiff's clients whose accounts have been endorsed to the insurance policy between the plaintiff and Cumberland reside in Florida, and Robert Mann

---

[1] Cumberland claims that Florida law governs its duties with respect to payments under the insurance policy and, therefore, a Florida court would be in a better position to interpret Florida law.

2

("Mann") is a resident of Florida.[2] Additionally, according to the policy at issue, the plaintiff is not a Massachusetts insured (the policy describes the plaintiff as a Connecticut corporation). According to Cumberland, "the resolution of the underlying dispute does not turn on any occurrence or event in Massachusetts." Cumberland also contends that defending this action in Massachusetts would impose severe financial hardship on it, because it is currently in statutory receivership proceedings in Florida.[3]

In response, the plaintiff claims that litigating the case in Florida would result in extreme financial hardship to it. The plaintiff also states that its sources of proof and witnesses (members of its board of directors) are situated in Massachusetts. The plaintiff contends that Massachusetts has the second largest number of the plaintiff's clients (after Florida) whose accounts have been endorsed to the insurance policy between the plaintiff and Cumberland. The affidavits submitted by the plaintiff are devoid of any facts supporting these contentions. The affidavits contain merely conclusory allegations that transfer of venue would be inconvenient. The affiants also state that most of the plaintiff's shareholders are Massachusetts residents. The place of residence of the

---

[2] In his August 3, 2001, letter to Carol Black at Cumberland, Mann stated that the plaintiff's main office was in Florida, that most of the plaintiff's clients were located in Florida, that Mann was a Florida resident, and that Advisor's SEC filings reflected a Florida address. Mann's April 19, 2004, affidavit indicates that he still resides in Florida. Although the plaintiff's now has an office in Massachusetts, the plaintiff's stationery indicates that it previously had two offices: one in Florida and one in Connecticut.

[3] In February, 2004, the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, entered its Consent Order Appointing the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation, Injunction, and Notice of Automatic Stay (the "Order"). Cumberland explains that the Order, among other things, operates as an "automatic stay," applicable to all persons, other than the receiver, against the "continuation of judicial, administrative, or other action or proceeding against the insurer . . . ." Cumberland claims that the Order, therefore, stays any further prosecution of this lawsuit by the plaintiff against Cumberland.

plaintiff's shareholders is not a meaningful consideration, however, because the plaintiff has brought this suit in its own name.[4]

On balance, Cumberland has made a showing sufficient to overcome the presumption favoring the plaintiff's choice of forum and has met its burden of establishing that the proposed transfer is warranted. The lawsuit lacks a connection to Massachusetts sufficient to require its retention in this court, in light of considerations favoring transfer. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation"). Accordingly, Cumberland's motion to transfer venue to the Middle District of Florida is GRANTED. The clerk shall take the appropriate steps to effect the transfer.

SO ORDERED.

DATED:   October 7, 2004                     /s/ REGINALD C. LINDSAY
                                             United States District Judge

---

[4] The court acknowledges, but does not separately address, the remainder of the plaintiff's arguments in opposition to Cumberland's motion. None of those argument are persuasive as to the question presented by the present motion.